

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| In re: ) | |
| ) | |
| JENNA L. HEASTON, ) | |
| ) | Case No. 23-bk-00484 |
| Debtor. ) | Chapter 7 |
| _____ ) | |
| ) | |
| CASEY KULAVIK and, ) | |
| THOMAS KULAVIK, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Adversary No. 23-ap-00012 |
| ) | |
| JENNA L. HEASTON, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**MEMORANDUM OPINION**

Pending before the court are cross motions for summary judgment. On August 23, 2024, Casey Kulavik and Thomas Kulavik (the "Plaintiffs") filed a Motion for Summary Judgment contending the undisputed material facts here support a finding that their claim against Jenna L. Heaston (the "Defendant") is nondischargeable under § 523(a)(2), (a)(4), and (a)(6) of the Bankruptcy Code. On August 24, 2024, the Defendant likewise filed a Motion for Summary Judgment seeking a determination that the Plaintiffs' alleged claim is not excepted from discharge. On September 13, 2024, the parties filed responses to their respective opposing motions for summary judgment.

For the reasons stated herein, upon careful consideration of the pleadings, evidence presented, and the relevant law, the Court will grant the Plaintiffs' Motion for Summary Judgment and deny as moot the Defendant's Motion for Summary Judgment.

## I.    STANDARD OF REVIEW

Federal Rule of Civil Procedure ("Rule") 56, made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7056, provides that summary judgment is only appropriate if the movant demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A party seeking summary judgment must make a prima facie case by showing: first, the apparent absence of any genuine dispute of material fact; and second, the movant's entitlement to judgment as a matter of law on the basis of undisputed facts.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The movant bears the burden of proof to establish that there is no genuine dispute of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  Demonstrating an absence of any genuine dispute as to any material fact satisfies this burden.  *Id*. at 323.  Material facts are those necessary to establish the elements of the cause of action.  *Anderson*, 477 U.S. at 248.  Thus, the existence of a factual dispute is material — thereby precluding summary judgment — only if the disputed fact is determinative of the outcome under applicable law.  *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994).  A movant is entitled to judgment as a matter of law if "the record as a whole could not lead a rational trier of fact to find for the non-movant." *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) (citation omitted); see also *Anderson*, 477 U.S. at 248.

If the moving party shows that there is no genuine dispute of material fact, the nonmoving party must set forth specific facts that demonstrate the existence of a genuine dispute of fact for trial.  *Celotex Corp.*, 477 U.S. at 322-23.  The court is required to view the facts and draw reasonable inferences in the light most favorable to the nonmoving party.  *Shaw*, 13 F.3d at 798.  However, the court's role is not "to weigh the evidence and determine the truth of the matter [but to] determine whether there is a need for a trial." *Anderson*, 477 U.S. at 249-50.  Nor should the court make credibility determinations.  *Sosebee v. Murphy*, 797 F.2d 179, 182 (4th Cir. 1986).  If no genuine issue of material fact exists, the court has a duty to prevent claims and defenses not supported in fact from proceeding to trial.  *Celotex Corp.*, 477 U.S. at 317, 323-24.

## II.    BACKGROUND

The Plaintiffs obtained a state court judgment against the Defendant in the amount of $652,982.00 in the Circuit Court of Ohio County, West Virginia (the "State Court"). This judgment was based on claims of fraud, misrepresentation, conversion, and related torts arising from a contract for photography services for the Plaintiffs' wedding.  Notably, the Defendant did not

respond to the Plaintiffs' claims in State Court after obtaining an extension of time to answer, and the State Court entered its judgment upon default.[1] Although the State Court entered default judgment, a bench trial was held to determine damages to be awarded to the Plaintiffs. Testimony was taken, exhibits were submitted, argument was heard, and Defendant again had an opportunity but failed to appear. Based upon consideration of the same, the State Court ordered that Plaintiffs were entitled to a judgment against the Defendant for compensatory damages in the amount of One Hundred Fifty-Two Nine Hundred and Eighty-Two ($152,982.00) Dollars and for punitive damages in the amount of Five Hundred Thousand ($500,000.00) Dollars.

On October 27, 2023, the Plaintiffs initiated this adversary proceeding through their Complaint alleging that this judgment is nondischargeable under 11 U.S.C. § 523(a)(2), (a)(4), and (a)(6) based on the findings of the State Court, which include fraud and willful and malicious conduct on the part of the Defendant. The Plaintiffs filed a motion for summary judgment asserting that there are no genuine issues of material fact and that the debt should be excepted from discharge as a matter of law based on the State Court's findings and the facts deemed admitted from the Defendant's failure to answer the State Court complaint. The Defendant filed a cross motion for summary judgment contending health issues prohibited her from fulfilling the contract and her failure was not due to fraudulent or malicious intent. The Defendant asserts there are no genuine issues of material fact, that the debt is dischargeable, specifically considering the Defendant's deposition testimony in relation to 11 U.S.C. § 523(a)(2), (a)(4), and (a)(6), and that the Plaintiffs cannot offer sufficient proof of admissible evidence to satisfy their claims by a preponderance of the evidence solely relying upon the allegations in the Complaint and the underlying State Court case.

### III.    DISCUSSION

Plaintiffs contend they are entitled to summary judgment based upon the nondischargeable nature of Defendant's debt and judgment owed to Plaintiffs pursuant to 11 U.S.C. § 523(a)(2), (a)(4), and (a)(6) of the Bankruptcy Code. Specifically, they assert the State Court's Verdict and Judgment Order contain sufficient findings of fraud, misrepresentation, fraudulent scheme, false

---

[1] The Court notes this State Court action was one of three civil actions wherein default judgment was entered against the Defendant on claims of fraud, misrepresentation, conversion, and related torts arising from a contract for photography services for three separate weddings. These three civil actions were brought before three different circuit court judges. The Court finds it worth mention to note that three different fact-finders came to the same decision based upon the argument and evidence presented to the State Courts at separate trials.

3

pretenses, larceny, and other willful, wanton, malicious, and criminal acts that satisfy the nondischargeable provisions of the code.  Therefore, the Plaintiffs ask the Court to grant them summary judgment and deem their State Court judgment nondischargeable.  To the contrary, Defendant contends she is entitled to summary judgment arguing her debt is dischargeable, Plaintiffs' judgement is not preclusive on this Court's analysis, and Plaintiffs cannot prove any exception under 11 U.S.C. § 523(a)(2), (a)(4), or (a)(6).  Thus, the Defendant asks the Court to grant her summary judgment and deem her debt dischargeable.

The Bankruptcy Code offers "broad provisions for the discharge of debts, subject to exceptions." *Lamar, Archer & Cofrin, LLP v. Appling*, 138 S. Ct. 1752 (2018).  The exceptions are limited and accordingly must be narrowly construed to err on the side of giving the debtor a fresh start.  *Kabuto Tractor Corp. v. Strack (In re Strack)*, 524 F.3d 493, 497 (4th Cir. 2008) (quoting *Foley & Larnder v. Biondo (In re Biondo)*, 180 F.3d 126, 130 (4th Cir. 1999)).  Some exceptions to discharge include certain debts that may fall under 11 U.S.C. § 523(a)(2)(A), (a)(4), and (a)(6).  Section 523(a)(2)(A) excepts from discharge any debt incurred through "false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition."  11 U.S.C. § 523(a)(2)(A).  Section 523(a)(4) excepts from discharge any debt incurred for "fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny."  11 U.S.C. § 523(a)(4).  Section 523(a)(6) excepts from discharge any debt for "willful and malicious injury by the debtor to another entity or to the property of another entity."  11 U.S.C. § 523(a)(6).

Although not clearly argued in the Plaintiffs' Motion for Summary Judgment but addressed in their Response to Defendant's Motion for Summary Judgment, the Plaintiffs correctly assert the State Court's findings are entitled to preclusive effect in this proceeding to, at a minimum, satisfy 11 U.S.C. § 523(a)(2).  Specifically, the Plaintiffs rely on the State Court's findings that Defendant "committed fraud and misrepresentation, and obtained property through false pretenses" and "engaged in a fraudulent scheme."  This Court holds that the State Court's findings meet the standard for dischargeability under § 523(a)(2) and are entitled to preclusive effect as a default judgment order.  Based on this holding, it is unnecessary for this Court to address the remaining counts.

The Full Faith and Credit Act, 28 U.S.C. § 1738, "requires federal courts to give the same preclusive effect to a state-court judgment as another court of that State would give."  *Donham v.*

*Walters (In re Walters)*, Adv. No. 10-93, 2011 WL 22246166, at *2 (Bankr. N.D.W. Va. June 7, 2011) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 293 (2005)). The "preclusion doctrine encompasses two strands: res judicata and collateral estoppel." *Walters,* 2011 WL 22246166, at *2 (quoting *Sartin v. Macik*, 535 F.3d 284, 287-88 (4th Cir. 2008)). As the Supreme Court has held, *res judicata* is inapplicable in the bankruptcy nondischargeability context. *Brown v. Felson*, 442 U.S. 127, 139 (1979). In accordance with the Supreme Court in *Felson*, "[A] bankruptcy court is not confined to a review of the judgment and record in the prior state-court proceedings when considering the dischargeability of respondent's debt." *Id*. As for the other strand, collateral estoppel or "issue preclusion" prohibits a court from relitigating issues adjudicated with a valid and final order from another court. *Sartin,* 535 F.3d at 287-88. Issue preclusion requires "that the first judgment be rendered on the merits and be a final judgment by a court having competent jurisdiction over the subject matter and the parties." Syl. Pt. 3, *Conley v. Spillers*, 301 S.E.2d 216, 217 (W. Va. 1983). Specifically, the Supreme Court of Appeals of West Virginia has applied the following test for determining whether collateral estoppel precludes an issue:

> (1) The issue previously decided is identical to the one presented in the action in question; (2) there is a final adjudication on the merits of the prior action; (3) the party against whom the doctrine is invoked was a party or in privity with a party to a prior action; and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action.

Syl Pt. 1, *State v. Miller*, 459 S.E.2d 114, 117 (1991). Notably, "a default judgment is equivalent to a final judgment on the merits." *Stillwell v. City of Wheeling*, 558 S.E.2d 598, 605 (W. Va. 2001).

Although *res judicata* does not apply in this context, collateral estoppel will preclude the Court from looking behind the State Court judgment if the judgment contains sufficient findings to support nondischargeability under 11 U.S.C. § 523 of the Bankrupty Code. In that regard, the Court finds that the State Court judgment is entitled to preclusive effect based upon its sufficient findings within the order of judgment.

Specifically, the State Court found that the Defendant "committed fraud and misrepresentation and obtained property through false pretenses" and "engaged in a fraudulent scheme" thus satisfying 11 U.S.C. § 523(a)(2). The standard for nondischargeability under 11

5

U.S.C. § 523(a)(2) has been met through the State Court's specific findings on the merits, based upon a bench trial with testimony, exhibits, and argument from counsel, evidencing Defendant's intent to defraud. The extensiveness of the State Court's default judgment order is sufficient to meet the standard for the application of collateral estoppel. As the Court has determined the debt to be nondischargeable under 11 U.S.C. § 523(a)(2), it need not analyze dischargeability under 11 U.S.C. § 523(a)(4) or (a)(6). Accordingly, the Plaintiffs' Motion for Summary Judgment is granted and the Defendant's Motion for Summary Judgment is denied as moot.

## IV.    CONCLUSION

For the foregoing reasons, the court finds it appropriate to grant the Plaintiffs Casey Kulavik and Thomas Kulavik's Motion for Summary Judgment and deny as moot the Defendant Jenna L. Heaston's Motion for Summary Judgment. Consistent with Fed. R. Civ. P. 58, made applicable by Fed. R. Back. P. 7058, the court will enter an order stating as much.